IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN R. SIMMONS, JR., | ) |
| | ) Civil Action No. 2:11-cv-01628 |
| Plaintiff, | ) **ELECTRONICALLY FILED** |
| | ) |
| vs. | ) Judge Mark R. Hornak |
| | ) |
| RALPH SIMMONS, RUTH SIMMONS, | ) |
| and NATIONWIDE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*, which is accompanied by a proposed Complaint [ECF No. 1-1] and Civil Cover Sheet [ECF No. 1-2]. Upon the Court's direction [ECF No. 2], Plaintiff supplemented his motion with an institutional account statement that lists the funds available to him, as required under 28 U.S.C. § 1915(a)(2). [ECF No. 3] After review of the Complaint and the Motion for Leave to Proceed *in forma pauperis*, the Court hereby denies the motion as moot and dismisses Plaintiff's case without prejudice.

As courts of limited jurisdiction, the federal courts must decide whether a case is properly before them based upon, among other things, subject matter jurisdiction. Subject matter jurisdiction arises when a court is presented with a federal question under 28 U.S.C. § 1331 or when diversity jurisdiction exists pursuant to requirements set forth in 28 U.S.C. § 1332(a). This case does not invoke federal-question jurisdiction. In order to invoke such jurisdiction, a

complaint must present a cause of action that "arises under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. This is a personal injury case in which Plaintiff alleges that he fell down stairs located behind a residence purportedly belonging to Ralph and Ruth Simmons ("Simmons Defendants") and located in Pittsburgh, Pennsylvania. Therefore, in order for this Court to hear Plaintiff's case, Plaintiff must establish that the diversity jurisdiction requirements have been met.

In order to satisfy the requirements to obtain diversity jurisdiction, the plaintiff must allege, with some factual support, that the parties are citizens of different states and that the amount in controversy exceeds $75,000 exclusive of costs and interest. 28 U.S.C. § 1332(a). The plaintiff must be diverse to all defendants where there are multiple defendants to an action. See, e.g., Kissi v. Gillespie, 348 F. App'x 704, 2009 WL 3236198, at *1 (3d Cir. 2009) ("A plaintiff invoking a federal court's diversity jurisdiction bears the burden of stating 'all parties'' citizenships such that the existence of complete diversity can be confirmed.") (quoting Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 177 F.3d 210, 222 n.13 (3d Cir. 1999)). From the face of the Complaint, Plaintiff fails to meet both elements of diversity jurisdiction. First, Plaintiff, currently held in federal custody in West Virginia, fails to allege or show that he and the Defendants are citizens of, by virtue of being domiciled in, different states. For purposes of diversity jurisdiction, the domicile enjoyed by a federal inmate before his imprisonment presumptively remains his domicile during his imprisonment. Pierro v. Kugel, 386 F. App'x 308, 309-10, 2010 WL 2674484 (3d Cir. 2010). However, that presumption may be overcome by showing a *bona fide* intent to remain in the state of incarceration upon release. Id.

Reading the Plaintiff's form Complaint in a light most favorable to the Plaintiff, there appears to be no allegation or factual support that the parties are completely diverse to one

another. Plaintiff has listed the Pennsylvania residential address of the Simmons Defendants, which is where the alleged events occurred in this case, and he fails to allege or show that Nationwide Insurance Company is a diverse party to him. In addition, while Plaintiff is currently being held at the Federal Correctional Institution Gilmer ("FCI Gilmer") in West Virginia, there is no evidence that Plaintiff was domiciled in the State of West Virginia before his term of confinement commenced. The only facts contained in the Complaint relating to Plaintiff's whereabouts before he started serving his prison term at FCI Gilmer are that: (1) this Court imposed the sentence that Plaintiff is currently serving; and (2) the alleged incident took place at the residence of the Simmons Defendants within the Commonwealth of Pennsylvania. Further, Plaintiff indicates that he and the Defendants are citizens of the same state on the Civil Cover Sheet provided to the Court.

Without any allegation regarding diverse citizenship, and with the record, spare as it is, strongly suggesting that Plaintiff and the Simmons Defendants are all citizens of Pennsylvania, there are appears to be no basis to support diversity jurisdiction in this case. Moreover, Plaintiff makes a demand of $50,000 for "injuries and mental ordeal and sufferings" related to this case. This fails to meet the $75,000 amount-in-controversy requirement contemplated in 28 U.S.C. § 1332(a). Thus, this Court does not appear to have subject matter jurisdiction to over Plaintiff's personal injury case, and it will be dismissed without prejudice. Pierro, at 309.[1]

AND NOW, this 9th day of March, 2012,

IT IS HEREBY ORDERED that the Motion for Leave to Proceed *in forma pauperis* [ECF No. 1] is DENIED AS MOOT.

---

[1] It is possible that the savings provisions of 42 Pa. Cons. Stat. Am. § 5103(b)(1) (Purdon 2011) may allow Plaintiff to transfer this action to an appropriate Pennsylvania state court.

3

IT IS FURTHER ORDERED that this case is DISMISSED WITHOUT PREJUDICE, with leave to amend, for lack of subject matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332(a).

　　　　　　　　　　　　　　　　　　　　　　　／s／ Mark R. Hornak
　　　　　　　　　　　　　　　　　　　　　　　Mark R. Hornak
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

cc: Alvin R. Simmons, Jr.
CERTIFIED MAIL, RETURN RECEIPT REQUESTED
FIRST CLASS MAIL, POSTAGE PREPAID